[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to Conn. Gen. Stat. Sec. 51-90, et. seq., and Conn. Practice Book, Sec. 31 the Statewide Grievance Committee makes presentment to this Court of the respondent, Arthur P. McKinney, after finding that he has been guilty of misconduct, not occurring in the actual presence of the Court, involving his character, integrity and professional standing and conduct in violation of Rules 1.3, 1.4, and 8.4 CT Page 367 of the Rules of Professional Conduct.
COUNT I
Count I of the complaint alleges a failure to diligently pursue a matter on behalf of a client in violation of Rule 1.3, a failure to keep his client reasonably informed about the status of the case, in violation of Rule 1.4(a) and a violation of Rule 8.4(c) by engaging in dishonest or deceitful misrepresentation. Although the respondent, acting in a pro se capacity, did not file a written answer to the complaint, he did appear at the hearing and did not deny the essential allegations of the complaint, although he testified he made an attempt in June 1988 to contact his client. (It is noteworthy that the client sent him a registered letter which was returned to her as undeliverable as the respondent had simply moved out of the area). The Court finds that the respondent did violate the Rules of Professional Conduct as alleged in Count I.
COUNT II
In this Count it is alleged that the respondent violated Rule 1.3 by failing to act with reasonable diligence and promptness in his representation of a client in that after charging said client $328.75 for the preparation of a quit-claim deed, he failed to record same or forward it to the client. Said client ultimately recovered judgment against the respondent in small claims court for $348.75 which remained unsatisfied as of the date of this hearing.
The respondent, although testifying he tried to reach the client by telephone does not deny the essential allegations of the complaint and the Court finds his representation of the client fell far short of reasonable diligence and promptness.
COUNT III
This Count alleges a violation of Rule 8.4 in that the respondent did not pay the judgment of $348.75 as discussed in Count II herein. The allegation is admitted and the Court finds a violation of Rule 8.4 as alleged.
REMARKS
The respondent states that he was going through difficult times, both financial and personally during the time of these violations. He has voluntarily relinquished the practice of law and, while unemployed at the time of the CT Page 368 hearing, was attempting to find work in order to get back on his feet financially. He urges the Court to consider a suspension of three years but not to order his disbarment.
The Court is of the opinion that several factors are probably responsible for the respondent's situation including his youth, inexperience, personal problems and a deplorable lack of understanding of the importance of the adherence to the Rules of Conduct. At this point in time the court would be concerned about the likelihood of future misconduct and the respondent's fitness to practice law in a professional manner, all to the possible detriment of any clients he might have.
Although the Court believes a period of suspension is the appropriate disciplinary action in this case, and accepts the appropriateness of a three year period of suspension, before the respondent is permitted to resume the practice of law he must satisfy this Court, or other Court within the State of Connecticut that he has the personal stability to resume the practice without risk to the public interest.
This may be demonstrated by a showing that the respondent's personal life is in order and stable, that outstanding judgments are satisfied, by psychological or psychiatric evaluation or as otherwise may be deemed necessary by the Court being petitioned for reinstatement.
Accordingly, the respondent is suspended from the practice of law for three years from the date hereof, and is required to petition the Court for reinstatement thereafter should he desire to resume the practice of law thereafter.
KLACZAK, J.